# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANCHEZ-JIMENEZ, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 07CV2061 (05cr1373) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR TIME REDUCTION BY INMATE IN FEDERAL CUSTODY UNDER TITLE 28 U.S.C. SECTION 2255** |

Pending before the Court is Plaintiff's motion to reduce his sentence pursuant to 28 U.S.C. § 2255. Between 1985 and 2003, Plaintiff was arrested in the United States twelve times, and was convicted for eight crimes, including assault with a deadly weapon, infliction of corporal injury on spouse/cohabitant, battery, and petty theft. (Resp. at 3). Although he was granted "lawful permanent resident alien" status in 1993, due to his criminal history, his permanent resident status was revoked and he has been ordered deported and removed from the United States three times. On March 13, 2006, after a one day trial, Plaintiff was convicted of reentering the United States illegally after removal in violation of 8 U.S.C. § 1326.

After several continuances of the sentencing hearing, on May 11, 2007, Plaintiff was sentenced to 77 months' imprisonment, followed by three years' supervised release. (Resp. at 3). At that time, an Agreement Regarding Waiver of Appeal and Collateral Attack ("Agreement") was filed, in which Plaintiff "waive[d], to the full extent of the law, any right to appeal or to collaterally attack his

conviction and sentence, unless the Court imposes a custodial sentence greater than 96 months..." (Case No. 05-cr-1373, Doc. 87).

Plaintiff first argues that pursuant to the equal protection clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the "Equal Rights Act (1964)," he is entitled to a reduction in sentence. He argues he has been deprived of equal protection and due process due to his status as a removable alien, which precludes incarceration in a minimum security facility or community correction center. (Mot. at 1). First, Plaintiff has waived appeal or collateral attack of his sentence on these grounds. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). ("A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made.") Moreover, status as a deportable alien is not a basis for departure if it is an element of the offense. *United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999). At the hearing, the Court confirmed that Plaintiff had agreed to a waiver, that Plaintiff's counsel had explained the terms of the waiver, and that Plaintiff understood those terms. Accordingly, the Court declines to reduce Plaintiff's sentence based upon his status as a deportable alien.

Plaintiff next argues his sentence should be reduced because his crime is non-violent and *malum prohibitum*. In imposing Plaintiff's sentence, which is at the low end of the guidelines range recommended for someone with Plaintiff's criminal history, the Court already took these factors into account.

Finally, Plaintiff argues he did not "clearly understand the risk" of "accepting culpability" under Criminal Rule of Civil Procedure 11, and he is now unfairly surprised to be facing double jeopardy and deportation. Rule 11 governs plea agreements, and is inapposite here because Plaintiff was convicted by a jury at a trial in which all issues were contested. Nonetheless, the Court still granted a downward adjustment for acceptance of responsibility. Plaintiff's acceptance of responsibility, therefore, worked only in his favor at sentencing, as a jury had already determined his culpability for the crime. Moreover, Plaintiff has not been convicted or sentenced in violation of the double jeopardy clause. Accordingly, Plaintiff's motion is denied.

1 | **IT IS SO ORDERED**.

2 | DATED: February 15, 2008

_____
HON. DANA M. SABRAW
United States District Judge